IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | CASE NO. 10-_____ |
| BARRIER GEOTECHNICAL | ) | CHAPTER 11 |
| CONTRACTORS, INC., | ) | |
| | ) | |
| | ) | |
| DEBTOR. | ) | |

**MOTION OF DEBTOR FOR INTERIM ORDERS (A) AUTHORIZING THE USE OF CASH COLLATERAL PURSUANT TO SECTION 363(c) OF THE BANKRUPTCY CODE; (B) REQUESTING AN EXPEDITED INTERIM HEARING THEREON; AND (C) SCHEDULING A FINAL HEARING THEREON**

COMES NOW, Barrier Geotechnical Contractors, Inc. (the "Debtor"), as Debtor and Debtor-in-Possession, by and through counsel, and files this motion (the "Motion") and, in support thereof, respectfully represents:

## JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The authority for the relief requested herein is Section 363(c)(2) of title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

3. On 5 November 2011 (the "Petition Date"), the Debtor commenced its reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its businesses and manage its property as Debtor-in-

Possession, pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4. The Debtor operates a geotechnical business located at 4214 Old Statesville Rd. Charlotte, North Carolina (hereinafter, the "Geotechnical Operations"). The Debtor is a specialty construction company for over sixty (60) years that solves soil-structure interaction problems by providing ground-related construction solutions to commercial, municipal, government, and military clients throughout the Southeast and Midwest.

### SUMMARY OF INDEBTEDNESS OF DEBTOR TO RESPONDENTS

5. As of the Petition Date, First Trust Bank ("First Trust") asserts that it was owed approximately $500,000 from the Debtor (the "First Trust Claim"). First Trust further asserts that the First Trust Claim is secured by, among other things, "cash collateral" of the Debtor in the form of accounts receivables from the pre-petition contracting work of the Debtor, pursuant to the FIRST AMENDMENT TO PROMISSORY NOTES AND FOREBEARANCE AGREEMENT and subsequent UCC Filing Statements, specifically #20060043811G ,as recorded with the North Carolina Secretary of State.

### RELIEF REQUESTED, INCLUDING AUTHORITY
### TO USE CASH COLLATERAL TO PAY OPERATING EXPENSES

6. The Debtor seeks authority to use the cash collateral to pay the actual and necessary expenses of operating the Geotechnical Operations, including without limitation, ordinary operating costs, pre and post-petition employee wages, and certain critical vendors. Without the use of cash collateral, the Debtor will not be able to continue its operations or formulate a plan of reorganization. An example of such costs is attached hereto as Exhibit A and incorporated herein by reference; Debtor will supplement an updated budget for the Final Hearing on this Motion.

7. Adequate protection is meant to assure that the value of the secured creditor's collateral does not suffer a decline by the proposed use of that collateral. *See, e.g., United Savings Ass'n v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365 (1988). Where a secured creditor is threatened with a decline in the value of its collateral, the Bankruptcy Code provides that the debtor must provide the creditor with adequate protection.

8. The cash collateral at issue in this case will be continuously replaced by additional income generated from the Geotechnical Operations after the commencement of this Case. To the extent the Respondents' respective security agreements grant a security interest in the Cash Collateral, then, pursuant to the provisions of Section 552(b)(2) of the Bankruptcy Code, the Respondents' respective interests in the post-petition income from the Geotechnical Operations will continue despite the commencement of this case. *See In re: Resort Inns, Inc.*, 2004 WL 2201251, *4 (Bankr. S.D. Ga. 2004) ("[I]f a creditor holds a valid pre-petition security agreement which extends to rents, it will also extend to post-petition rents and constitute cash collateral regardless of any unsatisfied state perfection requirements.")

9. The Debtor shows that post-petition income streams are increasing are substantially equivalent to, if not increasing from, pre-petition levels, and that Respondents are therefore adequately protected in respect of the Debtor's use of cash collateral.

10. The Debtor cannot know or show that the value of the personal properties is substantially above the amount of the collective debt owed to Respondent, however if such is shown, an "equity cushion" exists.

11. This equity cushion, together with the effect of Section 552(b)(2) of the Bankruptcy Code, provides the Respondents with sufficient adequate protection to permit the Debtor to use

the cash collateral to pay actual, necessary expenses of the Geotechnical Operations.

## THE "EQUITIES OF THE CASE" EXCEPTION

12. Pursuant to Section 552(b)(2), this Court may permit the Debtor to continue to use cash collateral in the form of gross Geotechnical income to pay the expense of the Geotechnical Operations Expenses, based on the "equities of the case."[1]

13. The exception for the "equities of the case" expressly empowers this Court to balance the interests of the creditors against other interests, such as the Debtor's possible rehabilitation, the preservation of jobs, and the preservation of the going concern value of the Geotechnical. *See, e.g. United Virginia Bank v. Slab Fork Coal Co.*, 784 F.2d 1188, 1191 (4th Cir.) (Section 552(b) "gives the bankruptcy court considerable latitude").

14. Further, the Section 552(b)(2) reference to Section 506(c) further indicates that this Court has discretion to permit the limited use of cash collateral to pay the expenses of the Geotechnical Operations. Section 506(c) permits recovery from property held as collateral of the reasonable and necessary costs and expenses of preserving that collateral.

## INTERIM APPROVAL SHOULD BE GRANTED TO USE CASH COLLATERAL

15. Bankruptcy Rules 4001(b) and 4001(c) provide that a final hearing on a motion to use Cash Collateral pursuant to Section 363 of the Bankruptcy Code may not be commenced earlier than fifteen (15) days after the service of such motion. Upon request, however, the Court is

---

[1] Section 552(b)(1) provides as follows:

Except as provided in Sections 363, *506(c)*, 552, 544, 545, 547, and 548 of this title, if the debtor and an entity entered into a security agreement before the commencement of the case and if the security interest created by such security agreement extends to property of the debtor acquired before the commencement of the case and to proceeds, products, offspring or profits of such property, the such security interest extends to such proceeds, products, offspring or profits acquired by the estate after the commencement of the case to the extent provided in such security agreement, *except to any extent that the court, after notice and a hearing and based on the equities of the case, orders otherwise*." (emphasis added).

empowered to conduct a preliminary expedited hearing on the motion and authorize the use of cash collateral to the extent necessary to avoid immediate and irreparable harm to a debtor's estate.

16. Pursuant to Bankruptcy Rule 4001(b), the Debtor requests that the Court conduct a preliminary expedited hearing as soon as practicable (the "Preliminary Hearing") authorizing the Debtor to use cash collateral for necessary operational expenses pending the Final Hearing.

17. To the extent Respondents have respective interests in the Cash Collateral, such interests will be adequately protected pursuant to Section 552(b)(2) and the aforementioned equity cushion.

18. Debtor has complied with applicable service requirements for this Motion, including an attempt to notify the Bankruptcy Administrator, the Respondent, and the twenty (20) largest unsecured creditors.

19. Pending the Final Hearing, this Motion should be granted on an interim basis in order to maximize the value of the Estate and to prevent irreparable harm to the Debtor prior to the Final Hearing.

## REQUEST FOR FINAL HEARING

20. Finally, pursuant to Bankruptcy Rule 4001(c)(2), the Debtor respectfully requests that this Court set a date for the Final Hearing and approve the provision for notice of such Final Hearing that are set forth in the Proposed Interim Order.

21. Based on the foregoing, the Debtor submits the relief requested is necessary and appropriate, is in the best interests of its Estate and creditors, and should be granted in all respects.

**WHEREFORE**, the Debtor moves this Court for authority to use cash collateral as requested herein, and the Debtor further prays for all other legal and equitable relief to which it may be entitled.

This 5th day of November, 2010.

                                                STONE & WITT, P.A.
                                                Attorney for Debtor

                                                /s/
                                                _____
                                                Bryan W. Stone
                                                NC State Bar No.: 32943
                                                301 S. McDowell St., Suite 1000
                                                Charlotte, NC 28204
                                                (704) 333-5184
                                                bstone@swlawnc.com

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. 10-_____ |
| BARRIER GEOTECHNICAL ) | CHAPTER 11 |
| CONTRACTORS, INC., ) | |
| ) | |
| ) | |
| DEBTOR. ) | |

CERTIFICATE OF SERVICE

The undersigned, as attorney of record for the Debtor, hereby certifies that a copy of the attached Motion was served upon the proper parties to this action by electronic filing or depositing a true copy of the same in the United States Mail, postage prepaid, addressed as follows:

U.S. Bankruptcy Administrator
*Via Electronic Service*

Richard M. Mitchell                              Atty for First Trust Bank
MITCHELL & CULP, PLLC
1001 Morehead Sq. Drive, Suite 330
Charlotte, NC 28203

20 Largest Unsecured Creditors per Creditor Matrix

All other interested parties/creditors
*Via Electronic Service*

This 8th day of November, 2010.

STONE & WITT, P.A.
Attorney for Debtor

/s/
_____
Bryan W. Stone
NC State Bar No.: 32943
301 S. McDowell St., Suite 1000
Charlotte, NC 28204
(704) 333-5184
bstone@swlawnc.com